UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-cv-23405-WILLIAMS/REID

GOORIN BROS., INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A",

    Defendants.
_____/

**REPORT AND RECOMMENDATION ON**
**MOTION FOR FINAL DEFAULT JUDGMENT**

THIS MATTER comes before the Court upon Plaintiff's, GOORIN BROS., INC. ("GOORIN BROS." or "Plaintiff") Motion for Final Default Judgement. [ECF No. 66]. A Clerk's Default [ECF No. 49], was entered against Defendants on November 22, 2023, as Defendants failed to appear, answer, or otherwise plead to the Complaint, despite having been served. The Motion was referred to the Undersigned by the Honorable Kathleen M. Williams for a report and recommendation. [ECF No. 67]. The Court has carefully considered the Motion, the record in this case, and the applicable law and is otherwise fully advised. For the following reasons, it is **RECOMMENDED** that Plaintiff's Motion is **GRANTED.**

**I. INTRODUCTION**

Plaintiff sued Defendants for trademark counterfeiting and infringement under § 32 of the Lanham Act, 15 U.S.C. § 1114; false designation of origin pursuant to § 43(a) of the Lanham Act,

1

15 U.S.C. § 1125(a); copyright infringement under the Copyright Act, 17 U.S.C. §§ 106(1), (3), (4) & 501, and common law unfair competition.

The Complaint alleges that Defendants are advertising, promoting, distributing, and performing Plaintiff's Copyrights using counterfeits and confusingly similar imitations of Plaintiff's registered trademark within the Southern District of Florida by operating the Defendants' Internet-based e-commerce stores operating under each of the Seller IDs identified on the Schedule "A" attached to this Order (the "Seller IDs").

Plaintiff further asserts that Defendants' unlawful activities have caused and will continue to cause irreparable injury to Plaintiff because Defendants have 1) deprived Plaintiff of its right to determine the manner in which its trademark is presented to consumers; (2) defrauded consumers into thinking Defendants' illicit copies of Plaintiff's Copyrights are authorized by Plaintiff; (3) deceived the public as to Plaintiff's sponsorship of and/or association with Defendants' counterfeit products and the websites on online storefronts through which such products are sold, offered for sale, marketed, advertised, and distributed; (4) wrongfully traded and capitalized on Plaintiff's reputation and goodwill and the commercial value of Plaintiff's trademarks; and (5) wrongfully damaged Plaintiff's ability to market its branded products and Copyrights and products as well as educate consumers about its brand via the Internet in a free and fair marketplace.

In its Motion, Plaintiff seeks the entry of default final judgment against Defendants[1] in an action alleging trademark counterfeiting and infringement, false designation of origin, common-law unfair competition, common-law trademark infringement, and infringement of copyright. Plaintiff further requests that the Court (1) enjoin Defendants' unlawful use of Plaintiff's Trademarks and Copyrights; (2) award Plaintiff damages; and (3) instruct any third-party financial

---

[1] Defendants are the Individuals, Corporations, Limited Liability Companies, Partnerships, or Unincorporated Associations identified on Schedule "A" of Plaintiff's Motion and Schedule "A" of this Order.

institutions in possession of any funds restrained or held on behalf of Defendants to transfer these funds to Plaintiff in partial satisfaction of the award of damages.

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "[A] defendant's default does not in itself warrant the court entering a default judgment." *DirecTV, Inc. v. Huynh*, 318 F. Supp. 2d 1122, 1127 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Granting a motion for default judgment is within the trial court's discretion. *See Nishimatsu*, 515 F.2d at 1206. Because the defendant is not held to admit facts that are not well pleaded or to admit conclusions of law, the court must first determine whether there is a sufficient basis in the pleading for the judgment to be entered. *See id.*; *see also Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default …"). Upon a review of Plaintiff's submissions, it appears there is a sufficient basis in the pleading for the default judgment to be entered in favor of Plaintiff.

## II. FACTUAL BACKGROUND[2]

Plaintiff GOORIN BROS. is the registered owner GOORIN BROS. copyrights, which are covered by U.S. Copyright Office Registration Nos. VA 2-012-751, VA 2-191-408, VA 2-012-524, VA 2-192-866, VA 2-192-815, VA 2-192-861, VA 2-012-525, VA 2-012-747, VA 2-192-778, VA 2-192-730, VA 2-192-732, VA 2-192-729, VA 2-192-846, VA 2-192 752, VA 2-255-931, VA 2-192-745, VA 2-012-716, VA 2-012-660, VA 2-192-850, VA 2-012-663, VA 2-186-472, VA 2-187-971, VA 2-012-749, VA 2-192-852, VA 2-192-855, VA 2-192-762, VA 2-186-476, VA 2-192-825, VA 2-265-492, VA 2-255-987, VA 2-265-493, VA 2-265-312, VA 2-264-

---

[2] The factual background is taken from Plaintiff's Complaint, [ECF. No 1] Plaintiff's Motion for Entry of Final Default Judgment, and supporting evidentiary submissions.

3

...

229, VA 2-250-289, VA 2-244-690, VA 2-193-876, VA 2-255-926, VA 2-249-021, VA 2-264-537, VA 2-244-693, VA 2-264-236, VA 2-255-934, VA 2-255-985, VA 2-245-560, VA 2-255-924, VA 2-250-317, VA 2-265-284, VA 2-255-984, VA 2-252-031, VA 2-255-937, VA 2-248-829, VA 2-255-986, VA 2-249-023, VA 2-244-692, VA 2-255-909, VA 2-247-836, VA 2-237-012, VA 2-250-291, VA 2-240-504, VA 2-244-689, VA 2-255-935, VA 2-255-943, VA 2-249-026, VA 2-255-939, VA 2-237-003, VA 2-255-933, VA 2-240-511, VA 2-250-314, VA 2-250-367, VA 2-252-029, VA 2-250-014, VA 2-240-506, VA 2-249-022, VA 2-237-013, VA 2-250-377, VA 2-255-906, VA 2-250-018, VA 2-240-508, VA 2-255-989, VA 2-252-034, VA 2-250-292, VA 2-250-365, VA 2-255-905, VA 2-250-019, VA 2-250-012, VA 2-247-838, VA 2-247-837, VA 2-240-509, VA 2-250-318, VA 2-250-696, VA 2-250-694, VA 2-252-042, VA 2-249-829, VA 2-250-695, VA 2-250-016, VA 2-249-832, VA 2-240-514, VA 2-249-835, VA 2-250-380, VA 2-242-449, VA 2-242-448, VA 2-242-450, VA 2-249-836, VA 2-242-451, VA 2-242-444, VA 2-242-445, VA 2-242-446, VA 2-242-447, VA 2-242-452, VA 2-252-032, VA 2-242-440, VA 2-294-526, VA 2-294-518, VA 2-294-500, VA 2-012-523, VA 2-012-748, VA 2-012-657, VA 2-192-832, VA 2-192-767, VA 2-192-792, VA 2-192-800, VA 2-255-929, VA 2-192-820, and VA 2-012-735 (collectively, the "GOORIN BROS. Copyrights" or "GOORIN BROS. Copyright Registrations"); and the GOORIN BROS. trademarks, which are covered by U.S. Trademark Registration Nos. 3338516, 3825020, 3825023, 3825024, 5479732, 3293390, 3293389, 3293391, and 3293392 (collectively, the "GOORIN BROS. Trademarks" or "GOORIN BROS. Trademark Registrations"). *See* [ECF Nos. 1-1, 1-2]. The GOORIN BROS. Trademarks and Copyrights are used in connection with the design, marketing, and distribution of high-quality goods. *See* [ECF 17-1 ¶¶ 5-7]. Plaintiff has exclusive rights in and to the GOORIN BROS. Trademarks and Copyrights. [*Id.* ¶¶ 4, 17].

Defendants, through the various Internet-based e-commerce stores operating under each of the Seller IDs identified on Schedule "A" hereto (the "Seller IDs"), have advertised, promoted, offered for distribution, distributed, and/or publicly performed the Copyrights under what Plaintiff has determined to be counterfeits, infringements, reproductions, and/or colorable imitations of the GOORIN BROS. Trademarks and Copyrights. *See* [*id.* ¶¶ 12-17].

Although each Defendant may not copy and infringe each of Plaintiff's trademarks for each category of services protected, Plaintiff has submitted sufficient evidence showing each Defendant has infringed, at least, one or more of the GOORIN BROS. Trademarks and Copyrights at issue. *See* [*id.*]; *see also* [ECF No. 66-1]. Defendants are not now, nor have they ever been, authorized or licensed to use, reproduce, or make counterfeits, reproductions, or colorable imitations of the of the GOORIN BROS. Trademarks and/or reproduce or distribute the Copyrights. *See* [ECF 17-1 ¶ 17].

As part of its ongoing investigation regarding the sale of counterfeit and infringing products, Plaintiff hired a third party investigatory to access Defendants' Internet based ecommerce stores operating under each of the Seller IDs. The third-party investigator initiated orders from each Seller IDs for the purchase of various products, all infringing, or suspected of infringing, the GOORIN BROS. Trademarks or Copyrights, and requested each product to be shipped to an address in the Southern District of Florida. Accordingly, Defendants' Goods are being promoted, advertised, offered for sale, and sold by Defendants within this district and throughout the United States. *See* [ECF 17-1 ¶¶ 13-14]. A representative for Plaintiff personally analyzed the infringing items wherein orders were initiated via each of the Seller IDs by reviewing the e-commerce stores operating under each of the Seller IDs, or the detailed web page captures

and images of the items bearing the GOORIN BROS. Trademarks and/or Copyrights, and concluded the products were non-genuine, unauthorized GOORIN BROS. products. See [*id.*]

### III. ANALYSIS

**A. Claims**

    **1. Copyright Infringement Pursuant to 17 U.S.C. § 101, et seq. (Count 1)**

Plaintiff has established a substantial likelihood of success on the merits for its copyright claim. To prevail on a claim of direct infringement of copyright pursuant to the Copyright Act, 17 U.S.C. §§ 106(1), (3) and (4), Plaintiff must "satisfy two requirements to present a prima facie case of direct copyright infringement: (1) they must show ownership of the allegedly infringed material, and (2) they must demonstrate that the alleged infringers violated at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). *See also Disney Enters. v. Hotfile Corp.*, Case No. 11-20427-CIV-Williams, 2013 U.S. Dist. LEXIS 172339, at *94 (S.D. Fla. 2013).

    **2. Trademark Counterfeiting and Infringement Pursuant to § 32 of the Lanham Act (15 U.S.C. § 1114) (Count II)**

Section 32 of the Lanham Act, 15 U.S.C. § 1114, provides liability for trademark infringement if, without the consent of the registrant, a defendant uses "in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark: which is likely to cause confusion, or to cause mistake, or to deceive." 15 U.S.C. § 1114. To prevail on its trademark infringement, claim under Section 32 of the Lanham Act, Plaintiff must demonstrate that (1) it had prior rights to the mark at issue; and (2) Defendants adopted a mark or name that was the same, or confusingly similar to Plaintiff's trademarks, such that consumers were likely to confuse the two.

*Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1193 (11th Cir. 2001) (citing *Lone Star Steakhouse & Saloon, Inc. v. Longhorn Steaks, Inc.*, 106 F.3d 355, 360 (11th Cir. 1997)).

### 3. False Designation of Origin Pursuant to § 43(A) of the Lanham Act (15 U.S.C. § 1125(a)) (Count III)

To prevail on a claim for false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), Plaintiff must prove that Defendants used in commerce, in connection with any goods or services, any word, term, name, symbol or device, or any combination thereof, or any false designation of origin that is likely to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, or as to the origin, sponsorship, or approval, of Defendants' services by Plaintiff. See 15 U.S.C. § 1125(a)(1). The test for liability for false designation of origin under 15 U.S.C. § 1125(a) is the same as for a trademark counterfeiting and infringement claim – i.e., whether the public is likely to be deceived or confused by the similarity of the marks at issue. *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 780 (1992).

### 4. Common Law Unfair Competition (Count IV)

Whether a defendant's use of a plaintiff's trademarks created a likelihood of confusion between the plaintiff's and the defendant's services or goods is also the determining factor in the analysis of unfair competition under Florida common law. *Rolex Watch U.S.A., Inc. v. Forrester*, 1986 WL 15668, at *3 (S.D. Fla. Dec. 9, 1987) ("The appropriate test for determining whether there is a likelihood of confusion, and thus trademark infringement, false designation of origin, and unfair competition under the common law of Florida, is set forth in *John H. Harland, Inc. v. Clarke Checks, Inc.*, 711 F.2d 966, 972 (11th Cir. 1983.)"*.); see also Boston Prof'l Hockey Ass'n, Inc. v. Dallas Cap & Emblem Mfg., Inc.*, 510 F.2d 1004, 1010 (5th Cir. 1975) ("As a general rule

. . . the same facts which would support an action for trademark infringement would also support an action for unfair competition.").

### B. Liability

The well-pled factual allegations of Plaintiff's Complaint properly allege the elements for each of the claims described above. *See* (ECF No. 1). Moreover, the factual allegations in Plaintiff's Complaint have been substantiated by sworn declarations and other evidence and establish Defendants' liability under each of the claims asserted in the Complaint. Accordingly, default judgment pursuant to Federal Rule of Civil Procedure 55 is appropriate.

### C. Injunctive Relief

Pursuant to the Lanham Act, a district court is authorized to issue an injunction "according to the principles of equity and upon such terms as the court may deem reasonable," to prevent violations of trademark law. *See* 15 U.S.C. § 1116(a). Indeed, "[i]njunctive relief is the remedy of choice for trademark and unfair competition cases, since there is no adequate remedy at law for the injury caused by a defendant's continuing infringement." *Burger King Corp. v. Agad*, 911 F. Supp. 1499, 1509–10 (S.D. Fla. 1995) (citing *Century 21 Real Estate Corp. v. Sandlin*, 846 F.2d 1175, 1180 (9th Cir. 1988)). Moreover, even in a default judgment setting, injunctive relief is available. *See e.g., PetMed Express, Inc.*, 336 F. Supp. 2d at 1222–23. Defendants' failure to respond or otherwise appear in this action makes it difficult for Plaintiff to prevent further infringement absent an injunction. *See Jackson v. Sturkie*, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease. Therefore, plaintiff is entitled to permanent injunctive relief.")

Permanent injunctive relief is appropriate where a plaintiff demonstrates that (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public's interest. *eBay, Inc. v. MercExchange*, LLC, 547 U.S. 388, 392-93 (2006). Plaintiff has carried its burden on each of the four factors, rendering permanent injunctive relief appropriate.

Specifically, in trademark cases, "a sufficiently strong showing of likelihood of confusion . . . may by itself constitute a showing of a substantial threat of irreparable harm." *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998); *see also Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage LS & Co.'s business reputation and might decrease its legitimate sales."). Plaintiff's Complaint alleges that Defendants' unlawful actions have caused Plaintiff irreparable injury and will continue to do so if Defendants are not permanently enjoined. *See* [ECF No. 1]. Further, the Complaint alleges, and the unauthorized GOORIN BROS. products sold, offered for sale, marketed, advertised, and distributed by Defendants are nearly identical to Plaintiff's genuine GOORIN BROS. products and that consumers viewing Defendants' counterfeit products would confuse them for Plaintiff's genuine products. *See* [*id.* ¶34-39].

Plaintiff has no adequate remedy at law so long as Defendants continue to operate the Seller IDs because Plaintiff cannot control the quality of what appear to be its GOORIN BROS. products in the marketplace. An award of monetary damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result if Defendants' infringing and counterfeiting and infringing actions are allowed to continue. Moreover, Plaintiff faces hardship from loss of sales and its inability to control its reputation in the marketplace. By contrast, Defendants face no hardship if

they are prohibited from the infringement of Plaintiff's trademarks and copyrights, which are illegal acts.

Finally, the public interest supports the issuance of a permanent injunction against Defendants to prevent consumers from being misled by Defendants' counterfeit products. *See Nike, Inc. v. Leslie*, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior."). The Court's broad equity powers allow it to fashion injunctive relief necessary to stop Defendants' infringing activities. *See, e.g., Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971) ("Once a right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for . . . [t]he essence of equity jurisdiction has been the power of the Chancellor to do equity and to mold each decree to the necessities of the particular case." (citation and internal quotation marks omitted)); *United States v. Bausch & Lomb Optical Co.*, 321 U.S. 707, 724 (1944) ("Equity has power to eradicate the evils of a condemned scheme by prohibition of the use of admittedly valid parts of an invalid whole.").

Defendants have created an Internet-based infringement scheme in which they are profiting from their deliberate misappropriation of Plaintiff's rights. Unless the listings and images are permanently removed, and the infringing goods destroyed, Defendants will be free to continue infringing plaintiff's intellectual property with impunity and will continue to defraud the public with their illegal activities. Accordingly, the Court may fashion injunctive relief to eliminate the means by which Defendants are conducting their unlawful activities.

**D. Damages for Copyright Infringement**

Under 17 U.S.C. § 504, Plaintiff is entitled to recover either the actual damages suffered as a result of the infringement plus Defendants' additional profits, or statutory damages. In a case

involving the infringing use of copyright registrations in connection with a sale, offering for sale, or distribution of infringing products, 17 U.S.C. § 504(c) provides that a plaintiff may elect an award of statutory damages any time before final judgement is rendered in sum of not less than $750.00 nor more than $30,000 for each infringement of the GOORIN BROS. Copyrights. In addition, if the Court finds that Defendants copyright infringement was willful, it may impose damages above the maximum limit up to $150,000 for each instance of infringement of the GOORIN BROS. Copyright. Pursuant to 17 U.S.C. § 504(c), Plaintiff has elected to recover an award of Statutory Damages as to Count I of the Complaint.

This Court may award statutory damages "without holding an evidentiary hearing based upon affidavits and other documentary evidence if the facts are not disputed." *Perry Ellis Int'l, Inc. v. URI Corp.*, No. 06-22020-CIV, 2007 WL 3047143, at *1 (S.D. Fla. Oct. 18, 2007). Although the Court is permitted to conduct a hearing on a default judgment regarding damages pursuant to Fed. R. Civ. P. 55(b)(2)(B), an evidentiary hearing is not necessary where there is sufficient evidence on the record to support the request for damages. *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record.") (citations omitted); *see also PetMed Express*, 336 F. Supp. 2d at 1223 (entering default judgment, permanent injunction and statutory damages in a Lanham Act case without a hearing).

Here, the allegations in the Complaint, which are taken as true, clearly establish Defendants intentionally copied the GOORIN BROS. Copyrights for the purpose of deriving benefit of Plaintiff's earned goodwill and reputation. As such, the Copyright Act permits the Court to award up to $150,000 per infringement of Plaintiff's copyright as statutory damages to ensure that Defendants do not continue their intentional and willful infringing activities.

The evidence in this case demonstrates that each Defendant sold, promoted, distributed, advertised, and/or offered for sale products infringing the GOORIN BROS. Copyrights. Based on the above considerations, Plaintiff suggests that the Court award statutory damages to deter Defendants and others from continuing to infringe Plaintiff's copyright, compensate Plaintiff, and punish Defendants, all stated goals of 17 U.S.C. § 504(c). The Court finds that this award of statutory damages falls within the permissible statutory range under 17 U.S.C. § 504(c) and is just.

### E. Statutory Damages for the Use of Counterfeit Marks

In a case involving the use of counterfeit marks in connection with a sale, offering for sale, or distribution of products, 15 U.S.C. § 1117(c) provides that a plaintiff may elect an award of statutory damages at any time before final judgment is rendered in the sum of not less than $1,000.00 nor more than $200,000.00 per counterfeit mark per type of good or service. 15 U.S.C. § 1117(c)(1). In addition, if the Court finds that Defendants' counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of good or service. 15 U.S.C. § 1117(c)(2). Pursuant to 15 U.S.C. § 1117(c), Plaintiff has elected to recover an award of statutory damages as to Count II of the Complaint.

The Court has wide discretion to determine the amount of statutory damages. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1219 (citing *Cable/Home Commc'n Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). An award of statutory damages is appropriate despite a Plaintiff's inability to prove actual damages caused by a defendant's infringement. *Under Armour, Inc. v. 51nfljersey.com*, No. 13-62809-CIV, 2014 U.S. Dist. LEXIS 56475, at *22-*23 (S.D. Fla. Apr. 23, 2014) (citing *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 852 (E.D. Mich. 2006) ("[A] successful plaintiff in a trademark infringement case is entitled to recover enhanced statutory damages even where its actual damages are nominal or non-existent.")); *Playboy Enter., Inc. v.*

*Universal Tel-A-Talk, Inc.*, No. CIV.A. 96-6961, 1998 WL 767440, at *8 (E.D. Pa. Nov. 3, 1998) (awarding statutory damages where plaintiff failed to prove actual damages or profits). Indeed, Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain. *See, e.g.*, S. REP. NO. 104-177, pt. V(7) (1995) (discussing purposes of Lanham Act statutory damages); *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (statutory damages are "especially appropriate in default judgment cases due to infringer nondisclosure"). This case is no exception.

Here, the allegations in the Complaint, which are taken as true, clearly establish Defendants intentionally copied the GOORIN BROS. Trademarks for the purpose of deriving the benefit of Plaintiff's world-famous reputation. As such, the Lanham Act permits the Court to award up to $2,000,000.00 per infringing mark on each type of service as statutory damages to ensure that Defendants do not continue their intentional and willful counterfeiting activities.

The evidence, in this case, demonstrates that each Defendant sold, promoted, distributed, advertised, and/or offered for sale products bearing marks that were, in fact, counterfeits of the GOORIN BROS. Trademarks. *See* [ECF No. 1]. Based on the above considerations, Plaintiff suggests the Court award statutory damages of $200,000.00 against each Defendant. The award should be sufficient to deter Defendants and others from continuing to counterfeit or otherwise infringe Plaintiff's trademarks, compensate Plaintiff, and punish Defendants, all stated goals of 15 U.S.C. § 1117(c). The Court finds that this award of statutory damages falls within the permissible statutory range under 15 U.S.C. § 1117(c) and is just.

**F. Damages for False Designation of Origin**

Plaintiff's Complaint also sets forth a cause of action for false designation of origin pursuant to § 43(a) of the Lanham Act (Count III). *See* 15 U.S.C. § 1125(a). As to Count III, the

allowed scope of monetary damages is also encompassed in 15 U.S.C. § 1117(c). Accordingly, judgment on Count III is limited to the amount awarded pursuant to Count I and entry of the requested equitable relief.

**G. Damages for Common Law Unfair Competition**

Plaintiff's Complaint further sets forth a cause of action under Florida's common law of unfair competition (Count IV). Judgment on Count IV is also limited to the amount awarded pursuant to Count I and entry of the requested equitable relief.

### IV. CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion for Final Default Judgment [ECF No. 52] be **GRANTED**, with respect to Defendants listed in the attached Schedule "A." Final Default Judgment

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 29th day of March, 2024.

LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:   **U.S. District Judge Kathleen M. Williams**; and

**All Counsel of Record**